363 So.2d 367 (1978)
VENEZIA A, INC. and Venezia C, Inc., Appellants,
v.
Reubin O'Donovan ASKEW, Governor of the State of Florida, et al., Appellees.
No. II-353.
District Court of Appeal of Florida, First District.
September 21, 1978.
Rehearing Denied November 7, 1978.
*368 Joseph W. Beasley and George W. Wright, Jr. of Kelly, Black, Black, Wright & Earle, Miami, Roberts, Miller, Baggett & LaFace, Tallahassee, for appellants.
Jack W. Pierce, Tallahassee, Robert L. Shevin, Atty. Gen., Martin S. Friedman, Asst. Atty. Gen., Douglas C. Kearney, Asst. Atty. Gen., for appellees.
BOYER, Judge.
Appellants, plaintiffs in the trial court, filed a two count complaint against defendants, seeking by count I inverse condemnation and by count II damages for breach of contract. Ruling on the defendants' motion to dismiss, the trial court denied the motion as to count I but granted it as to count II on the basis of the doctrine of sovereign immunity. Upon review being sought here we denied relief on the grounds that certiorari would not lie, the order sought to be reviewed was not subject to interlocutory appeal and that a dismissal of one or more, but not all, of the counts of the multicount complaint was not a final order or judgment from which a full appeal may be taken. (Venezia A, Inc. v. Askew, 314 So.2d 254 (Fla. 1st DCA 1975).
A nonjury trial was thereupon held on the issues made by count I and the defendants' answers thereto, following which the trial judge entered the final judgment now appealed. We quote it in toto:
"THIS CAUSE came on to be heard before the Court upon the amended complaint, the answer and the affirmative defenses thereto, the testimony of witnesses, and the argument of counsel of all parties, and the Court being fully advised in the premises, upon consideration, the Court finds as follows:
"1. That the Plaintiffs in this cause, Venezia A, Inc. and Venezia C, Inc., are the assignees of those certain contracts between Magnolia Development Corporation and the Defendants, then Trustees of the Internal Improvement Fund of the State of Florida, being Contract No. 21670 and Contract No. 21672, and that certain agreement between Magnolia Development Corporation and the Trustees, both contracts and the agreement being dated November 1, 1957.
"2. Contract No. 21670 specifically required the contract purchaser to fill one-half of the land area described in the contract within 5 years from November 1, 1957. Contract No. 21672 also specifically required the contract purchaser to fill all of the land area described therein within 5 years from November 1, 1957. The agreement specifically stated that `Whereas it was agreed that the contract purchaser should not only have the right to remove the fill material where it abuts its land, but should agree that it would remove said fill from said waterways, ...'
"3. There is no question from the evidence that Contract No. 21670 and Contract No. 21672 were amended at a later meeting of the Trustees to extend the time within which the Plaintiffs in this cause would have to fill the lands described *369 in the contracts. The agreement of November 1, 1957, was also amended by the Trustees whereby the Plaintiffs were required to dredge a channel only 300 feet instead of 500 feet in width, but all other material terms and conditions of the agreement were unchanged.
"4. The Court further finds by testimony and stipulation of counsel that the purchase price of the lands was paid by the Plaintiffs to the Trustees although the condition of filling the property, which was a condition precedent to acquiring a deed, has not been accomplished.
"5. The Court further finds that from 1962 until 1972 the Plaintiffs filled approximately 80 to 100 acres of the lands, subdivided the filled lands into lots, and sold the lots at a rate of approximately 10 lots per year. These lands were filled without a permit required by or obtained from the Trustees, but with a permit obtained only from the U.S. Corps of Engineers. However, the lands so filled were acquired by a deed from the Trustees since the lands had been paid for and filled, as required by the contracts.
"6. It further appears to the Court that on October 17, 1972, the Plaintiffs appeared before the Trustees and requested a permit to fill either all or a portion of the lands they sought to acquire under the above-mentioned contracts even though they had paid for the lands but had not complied with the express conditions of the contracts and the agreement which required them to fill. Since it is unclear from the statement made at that time to the Trustees by the agent of the Plaintiffs that `[w]e are here today only seeking a permit to fill in excess of 140 acres...' and from the two pages of the survey attached to the application to fill admitted into evidence, the Court is unable to determine the exact amount of acreage the Plaintiffs sought a permit to fill.
"IT IS THEREFORE ORDERED AND DECREED as follows:
"1. That the Plaintiffs, by virtue of being the assignees of Contracts No. 21670 and 21672 and that certain agreement dated November 1, 1957, between Magnolia Development Corporation and the Trustees of the Internal Improvement Fund, had an inherent and contractual right and obligation to fill the real property described therein before obtaining a deed from the Trustees. This right was not extinguished or impaired by a subsequent change in the dredge and fill permit laws in Chapter 253, Florida Statutes. Moreover, this right to fill was a part of the contracts between Magnolia Development Corporation and the Trustees of the Internal Improvement Fund, which right continued despite the change in the law, inasmuch as it is well settled that the Legislature cannot impair the contractual rights or obligations of parties to a contract.
"2. That the Plaintiffs in this cause have a continuing right to fill the property described in the above-mentioned contracts and agreement pursuant to the schedule provided therein and pursuant to any other laws applicable.
"3. That the two above-mentioned contracts and the agreement in and of themselves constituted a permit to fill and, therefore, it was unnecessary for the Plaintiffs to obtain from the Trustees a permit to fill the subject lands.
"DONE AND ORDERED at Leon County, Florida, this 12th day of December, 1977."
Appellants' primary contention is that in order for them to fill the property described in the final judgment a dredge and fill permit will have to be obtained from the United States Corps of Engineers and that the Secretary of the Army will not accept the contracts as constituting all requisite state permits and that therefore, notwithstanding the holding of the trial court that the subject contracts and agreements in and of themselves constituted a permit to fill, it will not be allowed to do so and that accordingly it is entitled to inverse condemnation. We find such contention to be premature. No application has been made to the Corps of Engineers for a dredge and fill permit nor has such a permit been refused. Whether or not the Corps of Engineers will honor the state permit decreed by the final *370 judgment here appealed is conjectural. If the requisite permits are issued then clearly appellants have no right to inverse condemnation. Equally clearly they have no such right until they can demonstrate that such permits cannot be obtained: Whether or not such a showing will entitle appellants to relief, against whom and where, are matters not now before us and upon which we refrain from speculating.
Appellants rely upon Askew v. Gables-By-The-Sea, Inc., 333 So.2d 56 (Fla. 1st DCA 1976), but that reliance is misplaced. Whether future actions (or inaction) by the state will cause the principles of that case to become applicable remains to be seen; but those principles, in order to be the basis for the granting of relief, must be applied to proven facts, not suspicions, speculation and conjecture.
The well reasoned final judgment of the learned trial judge, above quoted, is affirmed.
We also affirm dismissal of count II of the complaint on the ground of sovereign immunity. (See Article X, Section 13 of the Constitution of the State of Florida.)
AFFIRMED.
McCORD, C.J., and MILLS, J., concur.