**In re the Marriage of Warren William ERLER, petitioner, Appellant,**

v.

**Marcella Margaret ERLER, Respondent.**

**No. C5–85–2166.**

Court of Appeals of Minnesota.

July 1, 1986.

Daryl E. Olson, Butler & Pecchia, St. Paul, for appellant.

Mary Louise Klas, Klas & Klas, St. Paul, for respondent.

Heard, considered and decided by FOLEY, P.J., and SEDGWICK and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

Warren Erler appeals from an order increasing his child support obligation for the parties' two children from $150 per month per child to $375 per month per child as required by the statutory child support guidelines. Warren claims that income from two part-time jobs should not be considered and that the trial court's "mechanical" application of the statutory support guidelines was improper. He also contends the trial court abused its discretion by considering his wife's degenerative disc disease. Marcella filed a notice of review challenging the trial court's denial of her request for attorney's fees. We affirm in part, reverse in part, and remand.

## FACTS

When Warren and Marcella Erler's eleven year marriage was dissolved in 1977, the parties' two children were seven and four years of age. Warren, a police officer, earned a gross income of $654.48 bi-weekly, and Marcella, a nurse, had gross earnings of $535.36 per bi-weekly pay period. Pursuant to the decree of dissolution, Warren was to pay $260 per month as child support until the emancipation of the first child, at which time Warren's obligation would be reduced to $130 per month.

In 1981 Marcella moved for an increase in child support. The trial court found that she suffered from a degenerative disc disease, which would require her to decrease her work hours per week from forty hours

to thirty-two hours. In addition, Warren's income had increased from $15,700 to $23,000. The court ordered Warren to pay increased child support in the amount of $150 per month per child.

Marcella moved for a second increase in child support and attorney's fees in June 1985. The trial court calculated Warren's gross income to be $44,000 based on his employment as a police officer, for which his salary was $30,585, in addition to his part-time security work for United Hospitals and Arlington Booster Club, for which the trial court projected Warren would gross $12,922 and $493 respectively. Subtracting the deductions allowed by statute, see Minn.Stat. § 518.551, subd. 5 (1984), the trial court determined Warren's net income to be $30,500 ($2,500 per month). With respect to Marcella's income, the trial court found that her net yearly income was approximately $24,000. The trial court also noted that Marcella has monthly expenses of approximately $2,000.00 and continues to suffer from a degenerative disc disease that will ultimately require her to reduce her work week to thirty-two hours. Determining that the terms of the 1982 support obligation were unreasonable and unfair, the trial court concluded that Marcella was entitled to a child support modification. See Minn.Stat. § 518.64 (1984).

The court increased support to $375 (thirty percent of Warren's net monthly income) per month per child. See id. § 518.551, subd. 5. The trial court also ordered the parties to be responsible for their own attorney's fees, finding that Marcella possessed sufficient income and financial resources with which to pay her own fees. Warren appeals from the October 1985 order increasing his child support obligation. Marcella filed a notice of review, claiming the trial court abused its discretion by failing to award her attorney's fees.

## ISSUES

1. Did the trial court abuse its discretion when it refused to depart downward from the child support guidelines?

2. Did the trial court abuse its discretion in denying Marcella's request for attorney's fees?

## ANALYSIS

### I

■ This court will not reverse a modification of child support absent a showing that the trial court abused its discretion. *Vitalis v. Vitalis*, 363 N.W.2d 57, 59 (Minn. Ct.App.1985) (citing *Johnson v. Johnson*, 304 Minn. 583, 232 N.W.2d 204 (1975)). If a child support determination has a reasonable and acceptable basis in fact, it must be affirmed. *Kirby v. Kirby*, 348 N.W.2d at 392, 394 (Minn.Ct.App.1984).

A child support obligation may be modified upon a showing of substantially increased or decreased income or need of a party that makes the child support terms unreasonable and unfair. Minn.Stat. § 518.64, subd. 2 (1984). The trial court concluded that the 1982 child support order is unreasonable and unfair because of Warren's increased earnings, Marcella's disability, and "the increased cost of supporting two teenaged children." Warren concedes it was appropriate for the trial court to modify his child support obligation under section 518.551. *See id.* § 518.551, subd. 5.

Warren's dispute is with the amount of his modified child support obligation. Warren contends that Marcella has an adequate income and because this is not a public assistance case, the trial court should have considered all relevant factors and deviated downward from the guidelines' amount in order to arrive at an appropriate award of child support. Warren claims the trial court mechanically applied the support guidelines without consideration of the statutory factors in Minn.Stat. §§ 518.-17, .64. Warren adds that "the court's application of the guidelines to [his] total monthly income [was] an unwarranted deviation upwards under the circumstances," requiring express findings of fact under section 518.551. *See* Minn.Stat. § 518.551, subd. 5(e) (1984).

Marcella counters that child support awards must be fair to the children, made with the objective of minimizing the financial consequences of the dissolution for the child. *See Kreidler v. Kreidler*, 348 N.W.2d 780, 785 (Minn.Ct.App.1984). Marcella argues that absent extraordinary circumstances, the amount of child support mandated by the guidelines is the minimum that can be considered reasonable.

Sometime after the trial court issued its order modifying Warren's child support obligation, the Minnesota Supreme Court determined that "all child support awards must be supported by detailed findings of fact." *Moylan v. Moylan*, 384 N.W.2d 859, 860 (Minn.1986). The court in *Moylan* specifically stated that:

> [I]n all child support cases not involving public assistance, the trial court must make specific findings of fact as to the factors it considered in formulating the award. This rule applied regardless of whether the award deviates from the child support guidelines in Minn.Stat. § 518.551, subd. 5.

*Id.* at 863. *Moylan* requires that the trial court take into account all relevant factors, including those factors enumerated in Minn.Stat. § 518.17, subd. 4 (1984) and the child support guidelines set forth in Minn. Stat. § 518.551, subd. 5 (1984). *Id.* at 863–64.

■ Here the trial court made findings pertaining to Warren's net income, Marcella's net income, Marcella's monthly expenses, and Marcella's degenerative disc disease. The trial court also noted the increased cost of supporting two teenaged children. Prior to *Moylan*, these findings might have been adequate to support the trial court's child support modification. After *Moylan*, however, we must carefully review the findings that form the basis of a child support modification. *See id.* We conclude that the trial court's findings must be expanded to include Warren's needs, the needs of the children, and the resources of the children other than income or resources of their parents. *See* Minn. Stat. § 518.17, subd. 4. *See also Quaderer*

*v. Forrest*, 387 N.W.2d 453 (Minn.Ct.App. 1986) (Crippen, J., concurring specially) (in determining the proper amount of support, the trial court must consider the following statutory factors: the obligor's income or resources; the obligor's needs; the custodial parent's income or resources; the custodial parent's needs; the child's needs, including special health and educational needs and the standard of living appropriate to the parents; and the resources of the child other than income or resources of the parents).

The trial court included $13,415 from Warren's two part-time security jobs in its calculation of his 1985 gross income. Warren disputes the consideration of income from his two part-time jobs.

Warren contends that part-time employment should not be considered because by its nature it is non-permanent, citing *Lukanen v. Lukanen*, in which this court considered a child support modification in light of the father's *regular* income, declining to determine "whether it is proper to consider overtime income in setting child support." *Lukanen v. Lukanen*, 357 N.W.2d 380, 382 (Minn.Ct.App.1984). Warren also cites *Kriedler v. Kreidler*, wherein this court found that the trial court properly applied the child support guidelines even though it did not consider the non-custodial parent's overtime or rental income in setting child support. *See Kriedler*, 348 N.W.2d at 784–85.

Warren claims that applying the guidelines to income from secondary employment would discourage a child support obligor from seeking additional employment. He further reasons that including part-time employment will require courts to "embark upon the endless task of modifying child support orders everytime a party under a duty of support obtains or terminates part-time employment."

■ The statutory child support guidelines take into consideration "all earnings, income, and resources of the obligor." Minn.Stat. § 518.551, subd. 5(a)(1) (1984). "Income" is any form of periodic payment, including, but not limited to, wages and

salaries. *Id.* § 518.54, subd. 6. Warren's two part-time jobs have been a regular, steady source of income for Warren for approximately the past ten years. It is not an abuse of discretion to consider this employment in setting child support. *See Justis v. Justis*, 384 N.W.2d 885, 890–891 (Minn.Ct.App.1986) (because overtime income was substantial and regular, trial court did not abuse its discretion in considering it); *Margeson v. Margeson*, 376 N.W.2d 269, 274 (Minn.Ct.App.1985), *pet. for rev. denied*, (Minn. Dec. 30, 1985) (trial court did not abuse its discretion in considering overtime income).

Warren also asserts the trial court abused its discretion in considering Marcella's degenerative disc disease when determining whether to modify child support because she has not reduced her work week since 1982 when the court initially found that she had a health problem. We note that Warren never challenged the court's 1982 finding that pertained to her health, never requested any information concerning her medical condition, and never requested an adverse medical examination.

■ In considering a child support modification, the trial court is to consider the needs of the custodial parent. *See* Minn. Stat. § 518.17, subd. 4(b) (1984). The custodial parent's health would certainly relate to need. Because there was no evidence refuting Marcella's health problem, the trial court acted within its discretion in considering it.

## II

Marcella argues the trial court abused its discretion in denying her request for attorney's fees because of the financial disparity between the parties. Warren contends that the trial court properly denied Marcella's request for attorney's fees.

■ The discretion whether to allow attorney's fees rests almost entirely with the trial court. *Weldon v. Schouviller*, 369 N.W.2d 308, 310 (Minn.Ct.App.1985). A trial court will not be reversed in the absence of a clear abuse of discretion. *Solon v. Solon*, 255 N.W.2d 395, 397 (Minn.1977).

■ We find that the trial court abused its discretion. Marcella incurred approximately $3,200 in fees before appeal and the trial court did not give her an award to help pay these fees. Warren has a good income and liquid assets of over $85,000. In contrast, Marcella has no reserves and suffers from a degenerative disc disease. The disparity in the parties' financial circumstances mandates an award for attorney's fees. *See Sefkow v. Sefkow*, 372 N.W.2d 37, 49 (Minn.Ct.App.1985), *remanded on other grounds*, 374 N.W.2d 733 (Minn.1985). Accordingly, we remand for an appropriate award. Marcella is also entitled to attorney's fees for the remand.

As for attorney's fees on appeal, this court has discretion to award such fees. *Frederiksen v. Frederiksen*, 368 N.W.2d 769, 779 (Minn.Ct.App.1985) (citing *Solon*, 255 N.W.2d at 397). We award Marcella $400.

## DECISION

Although the trial court did not abuse its discretion in finding a substantial change of circumstances that justifies a modification of Warren's child support obligation, this case must be remanded in light of *Moylan* for specific findings on Warren's needs, the needs of the children, and the resources of the children. The trial court did not abuse its discretion in considering Warren's total monthly income, which includes income from part time employment, when considering the child support guidelines. The trial court did not abuse its discretion in considering Marcella's health problems. The trial court abused its discretion in failing to award Marcella attorney's fees, and so we remand for a proper award for the initial hearing and the remand. We award her $400.00 for this appeal.

Affirmed in part, reversed in part, and remanded.