570 So.2d 1369 (1990)
Bob MARTINEZ, Governor, et al., Constituting the Board of Trustees of the Internal Improvement Trust Fund, Appellants,
v.
Fred BOLDING, Pauline Booze, William Brega, Joel McCall, Walter Mulbry, Jr., and Edwin Walton, Appellees.
No. 90-318.
District Court of Appeal of Florida, First District.
December 5, 1990.
Robert A. Butterworth, Atty. Gen. and J. Terrell Williams, Asst. Atty. Gen., for appellants.
Robert C. Apgar and David N. Tolces, of Haben & Culpepper, P.A., Tallahassee, for appellees.
PER CURIAM.
Appellants, Governor Bob Martinez and the Board of Trustees of the Internal Improvement Trust Fund (Trustees), appeal a final order in which the appellees prevailed on their suit for inverse condemnation, and the appellees cross appeal, each party raising numerous issues in their respective appeals. We reverse the order finding that the state's actions resulted in an unconstitutional taking of appellees' property, and *1370 we direct that judgment be entered for appellants. We affirm as to all issues raised in appellees' cross-appeal.
Many of the facts of this case are more fully set forth in a prior opinion of this court, Venezia A, Inc. v. Askew, 363 So.2d 367 (Fla. 1st DCA 1978). Briefly, the predecessors in interest to the appellees, two groups of investors known as Venezia A, Inc. and Venezia C, Inc. (Venezia), brought an action for breach of contract and inverse condemnation against the Trustees in 1973, alleging that the Trustees had denied Venezia a state permit to dredge and fill certain lands, contrary to the terms of two contracts by which Venezia had purchased such lands from the Trustees. The trial court dismissed the contract claim, and, after a nonjury trial, held that the contracts "`themselves constituted a permit to fill and, therefore, it was unnecessary for [Venezia] to obtain from the Trustees a permit to fill the subject lands.'" Id. at 369. On appeal, Venezia claimed that it needed a state permit in order to obtain a dredge and fill permit from the United States Corps of Engineers, and that the Corps would not accept the contracts as constituting a state permit; therefore, the state had worked a taking of Venezia's property by denying them a permit in 1972. This court affirmed on the ground that Venezia had not yet applied for and been denied a permit by the Corps, therefore an action for inverse condemnation was premature. Id. at 369-70.
In 1979, Venezia filed an application with the Corps for a permit to fill approximately twenty acres of the property, but deactivated the application in order to seek additional expertise. In 1981, Venezia filed an application to fill a smaller area, but again withdrew its application. Finally, in 1983, Venezia applied for a permit to fill 9.5 acres of land, and the Corps denied the application because it did not comply with then-existing federal guidelines.[1]
The successors in interest to Venezia, the appellees in this case, sued the Trustees for inverse condemnation in 1986. At trial, the appellees presented the testimony of William Roberts, an attorney who was qualified as an expert in the field of environmental permitting. Roberts reviewed a copy of Venezia's 1972 application to the Corps for a dredge and fill permit, and testified that his law firm had processed "a number of very similar" applications to the Corps between 1969 and 1972, and that four or five were granted. He testified that if Venezia had been able to obtain the state permit, he would have advised the investors that there was a "strong likelihood" the Corps would have issued the fill permit.
In its final order, the trial court concluded that the state's wrongful denial of a permit to Venezia in 1972 worked a taking of all of appellees' land. The court enjoined the Trustees to institute eminent domain proceedings to condemn all of appellees' property rights and to pay appellees just compensation "measured by the value of the lands as if the lands could have been filled on October 17, 1972," which was the date the Trustees denied Venezia's permit.
We disagree that a taking took place on October 17, 1972. Venezia did not file an application with the Corps until 1979, and was not denied a permit until 1983. Appellees are bound by the following language in this court's 1978 decision, which is the law of the case, in which we held that a suit for inverse condemnation could not be perfected until Venezia obtained a final order from the Corps refusing to grant a fill permit.
No application has been made to the Corps of Engineers for a dredge and fill permit nor has such a permit been refused. Whether or not the Corps of Engineers will honor the state permit decreed by the final judgment here appealed is conjectural. If the requisite permits are issued then clearly appellants *1371 have no right to inverse condemnation. Equally clearly they have no such right until they can demonstrate that such permits cannot be obtained: Whether or not such a showing will entitle appellants to relief, against whom and where, are matters not now before us and upon which we refrain from speculating.
Id. at 369-70 (emphasis added). Under the doctrine of the law of the case, questions of law that were previously decided on appeal must thereafter govern the case in subsequent stages of the proceeding, so long as the facts the decision was based upon remain unchanged. Barry Hinnant, Inc. v. Spottswood, 481 So.2d 80 (Fla. 1st DCA 1986). A taking could not have occurred in 1972, because appellees had not been denied full use of their property by virtue of a denial of their fill application by the Corps. See, e.g. Williamson County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985) (claim for just compensation was not ripe because respondent had not obtained a final decision regarding application of zoning ordinance to its property, and had not followed state procedures for obtaining compensation). Appellees did not have the right to bring an action for inverse condemnation until 1983, when the Corps did finally deny their permit. Even then, however, the ground for denial was based upon appellees' failure to comply with federal guidelines  not the refusal of the Trustees' to issue a permit. Therefore appellees failed to prove that any state action prevented them from making full use of their property.
Among other findings of fact, the trial court found that had it not been for the Trustees' wrongful denial of a permit to Venezia in 1972, the Corps would have issued a permit to the investors. The court presumably based this finding upon the testimony of William Roberts, which constituted the only evidence on the issue of what the Corps would have done had an application been filed in the early 1970s. This evidence might have been relevant had an application been filed at that time and denied for lack of state authorization. Because none was filed, we conclude that Roberts' testimony was not competent, substantial evidence upon which the trial court could base its finding.
The final order is REVERSED with directions that judgment be entered for appellants.
ERVIN, BARFIELD and ALLEN, JJ., concur.
NOTES
[1] Venezia applied in 1984 for a permit to build improvements on the property by using stilts, but the investors later abandoned this application.