## Norfolk

### JACQUELINE LOVE BISHOP COCHRAN

v.

### KENNETH L. COCHRAN

No. 1569-91-1

Decided July 7, 1992

COUNSEL

Mona Schapiro Flax (Jon D. Becker & Associates, on brief), for appellant.

Sterling H. Weaver, for appellee.

OPINION

**MOON, J.**—Jacqueline Love Bishop Cochran seeks reversal of an equitable distribution award and a child and spousal support award on the ground that the trial judge abused his discretion in making the awards. We uphold the equitable distribution award as being within the sound discretion of the trial judge. However, we reverse the child and spousal support awards because we hold the trial court erred in ruling that it could not consider the income that the husband could have earned from a second job, particularly during two months of the summer when he was not teaching.

The parties were married in 1966. Three children were born of the marriage but at the time of the divorce only one was under the

age of eighteen. Mr. Cochran was primarily employed by the City of Chesapeake as a school teacher. Throughout the marriage he had maintained a second job. At the time of separation he was secondarily employed at a residential treatment facility earning $10.51 per hour and had been working thirty hours a week as of September 1989. He quit the job one day before the *pendente lite* hearing in the case.

He testified that it would take him a year to complete his dissertation for an advanced degree but he planned to take five years to do so. He further testified that he turned down an administrative position with the Chesapeake City Schools in 1979 because he could make more money working elsewhere during the summer than as a principal. He testified at the hearing that he was not currently employed during that summer but was spending his time reading.

The trial court ruled that it could not require a parent to work at two jobs and, therefore, did not impute to Mr. Cochran any income other than his regular salary as a school teacher with the Chesapeake School System. The court awarded $590 a month in child support and $300 in spousal support to the wife.

## Spousal and Child Support

Code § 20-108.1(B)(3) permits the trial court to impute income to a party who is voluntarily underemployed.[1] We consider whether it was correct for the trial judge to rule that, as a matter

---

[1] Code § 20-108.1 states in relevant part:

A. In any proceeding on the issue of determining spousal support, the court shall consider all evidence presented relevant to any issues joined in that proceeding. The court's decision shall be rendered based upon the evidence relevant to each individual case.

B. In any proceeding on the issue of determining child support the court shall consider all evidence presented relevant to any issues joined in that proceeding. The court's decision in any such proceeding shall be rendered upon the evidence relevant to each individual case. However, there shall be a rebuttable presumption in any judicial or administrative proceeding for child support that the amount of the award which would result from the application of the guidelines set out in § 20-108.2 is the correct amount of child support to be awarded. In order to rebut the presumption, the court shall make written findings in the order, which findings may be incorporated by reference, that the application of such guidelines would be unjust or inappropriate in a particular case as determined by relevant evidence pertaining to the factors set forth in § 20-107.2 and the following factors affecting the obligation and the ability of each party to provide child support.

of law, the husband could be required to be employed only in one job.

■ The Code requires that the judge consider the standard of living of the family established during the marriage, the earning capacity, the education and training of the parties and the ability and opportunity of the parties to secure such education and training. In this case, the standard of living of the family had been established with the husband having two jobs. His earning capacity included the capacity to earn from two jobs. He had education and training that allowed him to secure employment in two jobs.

Code § 20-108.1(B)(3) allows the court to impute income to a party who is voluntarily unemployed or voluntarily underemployed.

■ Before the presumptive guidelines came into effect and the law specifically allowed imputed income, the Virginia Supreme Court had already recognized that the key factor was the spouse's ability to pay and not necessarily the amount of actual earnings. *Hawkins v. Hawkins*, 187 Va. 595, 600, 47 S.E.2d 436, 439 (1948). Also, the Court had recognized that where a spouse was underemployed merely for his or her personal convenience and without consideration of his or her family, the Court would consider what the spouse could make, not what he or she actually made. *Butler v. Butler*, 217 Va. 195, 197, 227 S.E.2d 688, 690 (1976). More recently in *Antonelli v. Antonelli*, 242 Va. 152, 156, 409 S.E.2d 117, 119-20 (1991), the Supreme Court of Virginia held that when one makes a job change to the detriment of one's family, it is not the family who should suffer but the one who made the job change.

We agree that as a general rule a court should not impute to a person income from more than one job. However, this is not a rule to be applied in all cases as a matter of law. Depending upon the circumstances peculiar to each case, particularly where there is a history of a spouse having had two jobs, the trial court may find it appropriate to consider imputing to a spouse income from more than one job. The court should consider the previous history of employment, the occupational qualifications, the extent to which the parent may be underemployed in the primary job, the health of the individual, the needs of the family, the rigors of the primary job and the second job, and all other circumstances. In this

case, the husband was not gainfully employed for two months of the year and had a history of earning substantial sums of money during that time and after normal school hours. We hold that it was error for the court not to have considered what the husband could have been reasonably expected to have earned in that period of time based upon the recent work history and other pertinent circumstances. Therefore, we reverse the judgment of the trial court and remand the case for a new hearing on the issue of spousal and child support.

## The Marital Residence

The commissioner in chancery recommended that the wife be awarded one hundred percent of the equity in the marital residence. The home had an appraised value of $158,000 and the outstanding loan balance of $23,175.33. Mr. Cochran filed exceptions to the report and, upon hearing the exceptions, the trial court made an equitable distribution award of the equity in the house sixty percent to Mrs. Cochran and forty percent to Mr. Cochran.

The trial court does not delegate to the commissioner in chancery its judicial functions or its duty to make factual determinations. The trial court is not bound by the commissioner's recommendations. *Jamison v. Jamison*, 3 Va. App. 644, 645, 352 S.E.2d 719, 720 (1987). The ultimate decision in the case is left to the chancellor, who must review the evidence according to correct principles of law and arrive at his or her own conclusions. *Id.* In this case, we review the chancellor's action to determine whether he abused his discretion in awarding sixty percent of the marital residence to the wife instead of one hundred percent. Because there was evidence in the case from which the chancellor could have made a disproportionate award in favor of the wife, we cannot hold as a matter of law that the chancellor should have awarded the wife more than sixty percent of the equity in the house. Thus, we find that the chancellor did not abuse his discretion.

## The Retirement Account

There was evidence in the case that both parties had retirement accounts. The wife put on evidence as to the value of her husband's account and requested a share of it. There was no evidence as to the value of her account. She contends that the court should have disregarded her account because the husband did not prove

its value and should have made an award solely out of his account. We disagree. From the evidence in the record, the court could have inferred that her retirement account had substantial value. She had been employed with the Department of Social Services for the City of Portsmouth for twenty-three years and had gross earnings of $2,289.74 each month. The court heard how the husband's government pension was calculated and knew that her government pension would be calculated the same way. The husband had sixteen years of accumulated service with the school system. His current salary was $35,503. Evidence showed that the wife would be able to retire at age fifty-five and that her retirement was vested. The court is not required to make an award of part of the pension. Here, where the court awarded the wife sixty percent of the equity in the residence, the most valuable marital asset, and the evidence showed that the wife also had a pension of her own of a substantial amount, wife has not shown that the trial court abused its discretion in failing to award her part of her husband's pension. Both parties must work approximately twenty-five years before they retire.

### The Car

The wife maintains that the trial court erred when it failed to award funds to her to account for the disparity in the value of the motor vehicles owned by the parties. Mrs. Cochran's evidence established that the automobiles had a difference in value of $10,000. She maintained that she should receive an adjustment to take care of the disparity.

We stated in *Blank v. Blank*, 10 Va. App. 1, 9, 389 S.E.2d 723, 727 (1990), that, on appellate review, when the trial judge has calculated the percentage of equity of each party in specific items of marital property and no objection is made to the procedure, we will not examine the division of each separate item of marital property but will look to the overall reasonableness of the award to determine whether there was an abuse of discretion. The evidence showed that the wife obtained sixty percent of the equity in the marital home and, as a consequence, apparently more than fifty percent of the tangible marital property. Upon this record we do not find that appellant has demonstrated that the trial judge abused his discretion in making the award.

Accordingly, the judgment is affirmed in part, reversed in part,

and remanded for a new hearing on the issue of spousal support and child support.

*Affirmed in part, reversed in part, and remanded.*

Barrow, J., and Benton, J., concurred.