656 So.2d 178 (1995)
Lane MITZENMACHER, Appellant,
v.
Robin MITZENMACHER, Appellee.
No. 94-758.
District Court of Appeal of Florida, Third District.
April 12, 1995.
Rehearing Denied June 28, 1995.
Dittmar & Hauser and Helen Ann Hauser, Coconut Grove, for appellant.
Stanley Jay Bartel, Miami, for appellee.
Before LEVY, GERSTEN and GREEN, JJ.
GREEN, Judge.
The former husband appeals from an award of permanent periodic alimony to his former wife as well as a requirement that he maintain life insurance to secure the alimony in a final judgment of dissolution. The former wife cross-appeals the court's denial of her request for her former husband to additionally contribute to her COBRA insurance coverage for a limited period of time. We reverse the award of alimony and requirement *179 of life insurance and affirm the court's denial of COBRA contributions by the former husband for the reasons which follow.
The parties had been married to each other for approximately fourteen (14) years at the time the petition for dissolution of marriage was filed. They are the parents of two minor children. Throughout the marriage and the course of these proceedings, the former husband was gainfully employed full-time as a data communications manager for Miami Dade Community College. He had a gross monthly income of $3,564.92 with a net disposable monthly income of $1,680.00 at the time of the dissolution proceedings below. The former wife on the other hand, had only been gainfully employed as a medical secretary for approximately four and one-half (4 1/2) years of the marriage and was unemployed at the time of the dissolution proceedings. The trial court found that the former wife was voluntarily unemployed and imputed net income to her in the amount of $1,398.00 per month based upon her last employment. During certain periods of the marriage, the former husband occasionally supplemented his income by "moonlighting" as a computer repairman on nights and weekends.[1] This, however, had not been done by the former husband with any degree of regularity or consistency.
After the petition for dissolution was filed, the former wife filed her request for temporary alimony and child support.[2] The matter was referred to a general master for an evidentiary hearing. The general master found that although the former wife had demonstrated a need for alimony, the former husband had no present ability to pay and recommended that the former wife's request for temporary alimony be denied. The trial court, however, rejected this recommendation and awarded the former wife $200 per week in alimony, pendent lite. The former husband filed an interlocutory appeal of this award to this court. We reversed, holding that the trial court erred in awarding the former wife temporary alimony which was beyond the former husband's ability to pay. See Mitzenmacher v. Mitzenmacher, 627 So.2d 50 (Fla. 3d DCA 1993).
The record is clear that there was no substantial change in the former husband's income during the interim period between the temporary support hearing and the final hearing. Indeed, the record reflects that at the time of the final hearing, the former husband had even more of a need for all of his net available funds due to his increased living expenses (e.g. apartment, utilities, food, insurance).[3] Despite this record evidence, the trial court nevertheless awarded the former wife permanent periodic alimony in the amount of $200 per week and secured the former wife's interest in the same by imposing the requirement that the former husband maintain life insurance in the final judgment of dissolution. Thus, the former husband argues in this second appeal that his present inability to pay alimony as established previously by our first Mitzenmacher decision has necessarily become the "law of the case" absent a factual showing that his financial situation had significantly improved. We agree with this analysis.
Under the doctrine of law of the case, questions of law that were previously decided on appeal must thereafter govern the case in subsequent stages of the proceeding, so long as the facts the decision was based upon remain unchanged. Martinez v. Bolding, 570 So.2d 1369, 1371 (Fla. 1st DCA 1990), rev. denied, 581 So.2d 163 (Fla. 1991). A per curiam decision of the appellate court is the law of the case between the same parties on the same issues and facts, and determines all issues necessarily involved in the appeal, whether mentioned in the court's opinion or not. New England Ins. Co. v. International Bank of Miami, 537 So.2d 1025 (Fla. 3d DCA 1988), and cases cited therein.
*180 The criteria for an award of temporary alimony and permanent alimony are precisely the same, namely, the need of the spouse requesting the alimony and the ability of the other spouse to pay. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Adams v. Adams, 604 So.2d 494 (Fla. 3d DCA 1992), rev. denied, 614 So.2d 502 (Fla. 1993); Vickers v. Vickers, 413 So.2d 788 (Fla. 3d DCA 1982). Since the first Mitzenmacher appeal, it is clear that the former husband's present inability to pay alimony has not changed. Given these circumstances, therefore, our prior enunciation in the first Mitzenmacher appeal necessarily became the law of the case. Thus, the trial court erred in reimposing the alimony requirement as well as the requirement that the former husband secure such permanent alimony with the maintenance of a life insurance policy.
The former wife interposes the argument on appeal that additional income should be imputed to the former husband because during happier times of the marriage, the former husband has demonstrated his ability to supplement his income by "moonlighting" in the evenings and on weekends as a computer repairman. In support of her argument, the former wife cites decisions from other states where courts have imputed income from a second job to the former spouse charged with the payment of alimony and/or child support. Linville v. Linville, 132 Cal. App.2d 800, 283 P.2d 34 (1955); Wendorf v. Wendorf, 174 Ind. App. 172, 366 N.E.2d 703 (1977); Erler v. Erler, 390 N.W.2d 316 (Minn.App. 1986); Larison v. Larison, 524 S.W.2d 159 (Mo. App. 1975); Cochran v. Cochran, 14 Va. App. 827, 419 S.E.2d 419 (1992); Mintle v. Mintle, 764 P.2d 255 (Wyo. 1988). We are not persuaded by such authority because they are factually distinguishable from the case sub judice. In each of these cases, we find that the court properly imputed or included income from a second job or secondary source where the record evidence clearly revealed that such secondary income had been earned on a recurrent or steady basis. See, e.g., Linville (trial court properly considered the husband's $400 per month salary from Western Highway Institute as well as the husband's earnings of $200-$300 per month income from editing a journal plus income received by the husband in the form of monthly rentals from properties owned by him when it set the amount of alimony and child support); Erler (no abuse of discretion in considering income from two part-time jobs which have been a regular, steady source of income to the husband for approximately ten years); Larison (trial court did not abuse its discretion in considering not only income from father's regular employment but income received by him from "time to time" from a second job when it set child support payments); Cochran (error not to consider what the husband, a teacher, could have reasonably been expected to earn during the two months of the year when he was not employed as a teacher where the husband had a history throughout the marriage of earning substantial sums during those two months and after normal school hours); Mintle (child support award not arbitrary or capricious where husband testified that he had steady monthly income plus income from the sale of firewood in the winter and landscaping jobs in the summer).
The record in the instant case is totally void of any evidence that the former husband's employment as a night or weekend computer repairman was anything other than occasional or sporadic during certain periods of the marriage. The former husband has always maintained his full-time job and there is not a scintilla of evidence to suggest that he suddenly ceased his occasional extra jobs in anticipation of this dissolution proceeding. Simply put, this is not a case where the former husband can properly be found to be voluntarily underemployed so as to permit the imputation of additional income. Further, we have no legal basis to require the former husband in effect to involuntarily relinquish his leisure time in the evenings and on weekends to work to meet alimony payments.
The trial court's award of alimony and requirement that the former husband maintain a life insurance policy in order to secure such alimony must be reversed. With the deletion of the award of alimony, the former husband readily acknowledges and accepts that his child support obligation must be recomputed under the guidelines and will *181 necessarily be higher. Thus, we reverse and remand with instructions to delete the alimony award as well as the life insurance requirement and to recompute the child support payment to be made by the former husband.
As to the cross-appeal, given our decision on the main appeal, we find no abuse in the trial court's discretion to not require the former husband to contribute to his former wife's COBRA medical insurance coverage where the record evidence clearly establishes his present inability to pay the same. Marsh v. Marsh, 553 So.2d 366 (Fla. 5th DCA 1989); Szemborski v. Szemborski, 530 So.2d 361 (Fla. 5th DCA 1988). We therefore affirm.
Reversed and remanded with instructions in part and affirmed in part.
NOTES
[1] The former husband also attempted to earn extra money through the sale of Amway products, but there is no record evidence that this venture was ever profitable. This jointly owned business was eventually turned over to the former wife at her request.
[2] There has been no challenge by either party herein to the amount awarded as child support.
[3] At the time of the temporary support hearing, the former husband was residing with relatives and did not have such expenses.