COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


NANCY W. HARRISON

v.          Record No. 1280-95-1          MEMORANDUM OPINION[*] BY
                                          JUDGE NELSON T. OVERTON
W. GORDON HARRISON, III                       JANUARY 30, 1996

            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                         Thomas S. Shadrick, Judge

            Jerrold G. Weinberg (Michael H. Wojcik; Weinberg &
            Stein, on briefs), for appellant.

            Joseph L. Lyle, Jr. (Kaufman & Canoles, P.C., on
            brief), for appellee.


     Nancy Harrison (wife) appeals the decision of the circuit

court setting the amount of spousal and child support to be paid

by Gordon Harrison (husband).  Wife contends that the trial court

erred in rejecting the commissioner's recommendation to impute

$2,000 in additional monthly income to husband.  We disagree and,

finding no error, we affirm the decision of the trial court.

     Wife contends that the commissioner's recommendation to

impute $2,000 a month in additional income to husband was proper

and substantiated.  Wife presented a provision of a trust created

by husband's grandmother which provided, in part, that the

trustee had the sole discretion to use the corpus of the trust

"at any time that my said daughters or grandchildren are in need

of an additional fund, properly to support, maintain or care for

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

them or any of them in the manner to which they have been accustomed . . . ."  Wife also presented a letter indicating that the trust had a corpus of $1.3 million in 1987 and generated $65,000 in income that year.  Husband testified that he was one of four contingent beneficiaries of the trust established for the primary benefit of his mother and aunt.  Upon the death of the primary beneficiaries, the corpus of the trust could be distributed.  Upon these facts, the commissioner in chancery found the trust to be a financial resource available to husband and imputed the additional monthly income.

The chancellor appoints a commissioner in chancery to aid him or her in "the proper and expeditious performance of his [or her] official duties."  Haase v. Haase, 20 Va. App. 671, 678-79, 460 S.E.2d 585, 588 (1995) (alteration in original) (quoting Raiford v. Raiford, 193 Va. 221, 226, 68 S.E.2d 888, 891 (1952)).  In doing so, the court does not delegate its judicial functions to the commissioner, and the actions of the commissioner are not binding upon the chancellor.  Haase, 20 Va. App. at 679, 460 S.E.2d at 588.  "The ultimate decision in the case is left to the chancellor, who must review the evidence according to correct principles of law and arrive at his or her own conclusions." Cochran v. Cochran, 14 Va. App. 827, 831, 419 S.E.2d 419, 421 (1992).

In this case the chancellor, upon review of the facts, rejected the commissioner's recommendation and ruled that

insufficient evidence existed to impute additional income to husband. The imputed income was speculative, impossible to calculate without knowing the current status of the corpus, yearly income, or beneficiaries. The judgment of the trial court is presumed correct and its ruling will not be disturbed if supported by credible evidence. Steinberg v. Steinberg, 11 Va. App. 323, 329, 398 S.E.2d 507, 510 (1990).

We find that the evidence before the commissioner supports the chancellor's decision. The decision of the trial court is affirmed. Of course, the parties remain at liberty to petition the circuit court for increases or decreases in the sums set for spousal and child support, if they be so advised and if new facts seem to justify such action.

Affirmed.