COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Annunziata and Overton


EUGENE MARY RIPPLINGER

MEMORANDUM OPINION[*]
v.   Record No. 0451-98-2                          PER CURIAM
SEPTEMBER 15, 1998
PEGGY W. RIPPLINGER


FROM THE CIRCUIT COURT OF KING AND QUEEN COUNTY
Thomas B. Hoover, Judge

(Dana L. Gay; Duty, Duty & Gay, on brief),
for appellant.

(Breckenridge Ingles; Martin, Ingles &
Ingles, on brief), for appellee.


Eugene Mary Ripplinger (husband) appeals the decision of the

circuit court awarding spousal support to Peggy W. Ripplinger

(wife) and deciding other issues. Husband contends that the

trial court erred by (1) awarding wife a divorce on the basis of

a one-year separation rather than awarding him a divorce on the

basis of cruelty and desertion; (2) awarding wife spousal

support; (3) ordering husband to pay one-half of wife's

attorney's fees; and (4) ordering husband to pay two-thirds of

the fees for the commissioner and court reporter. Upon reviewing

the record and briefs of the parties, we conclude that this

appeal is without merit. Accordingly, we summarily affirm the

decision of the trial court. See Rule 5A:27.

"The decree confirming the commissioner's report is presumed

_____
[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

to be correct and will not be disturbed if it is reasonably supported by substantial, competent, and credible evidence." Brawand v. Brawand, 1 Va. App. 305, 308, 338 S.E.2d 651, 652 (1985). However, "[t]he ultimate decision in the case is left to the chancellor, who must review the evidence according to correct principles of law and arrive at his or her own conclusions." Cochran v. Cochran, 14 Va. App. 827, 831, 419 S.E.2d 419, 421 (1992).

### Grounds for Divorce

A trial court is "not compelled 'to give precedence to one proven ground of divorce over another.'" Williams v. Williams, 14 Va. App. 217, 220, 415 S.E.2d 252, 253 (1992) (citation omitted). "It is well established that 'where dual or multiple grounds for divorce exist, the trial judge can use his sound discretion to select the grounds upon which he will grant the divorce.'" Id. (citation omitted). Husband contends that the trial court erred by failing to award him a divorce on the grounds of wife's cruelty and desertion. We find no error.

Both parties alleged fault-based grounds for divorce. Husband also alleged, and wife admitted, that the parties had lived separate and apart for more than one year. The commissioner found that both parties were equally at fault because each constructively deserted the marriage through their cruelty to the other. The commissioner recommended granting wife a divorce on the basis of the one-year separation. The trial

court accepted the commissioner's recommendation.  The trial court's finding was supported by the evidence and husband has not demonstrated that the trial court abused its discretion.

## Spousal Support

Husband did not allege adultery by wife as a ground for divorce.  While the commissioner found that marital infidelities by both parties during the marriage contributed to the dissolution of the marriage, the commissioner made no finding concerning adultery by wife.  Therefore, there was no bar under Code § 20-107.1 to an award of spousal support to wife.  Moreover, even if husband had alleged and proven adultery by wife as a ground for divorce, the trial court was not barred from awarding spousal support if it determined "from clear and convincing evidence, that a denial of support and maintenance would constitute a manifest injustice."  Id.

The commissioner found that wife earned approximately one-quarter what husband earned, that husband was the primary wage-earner throughout the marriage, that both parties contributed equally to the well-being of the marriage, and that wife's education and employment skills were limited.  Based upon the evidence, the commissioner recommended an award to wife of $500 in monthly spousal support.

The trial court also heard the parties testify concerning their respective income and expenses.  While the trial court did not expressly state that denial of support would constitute a

manifest injustice, it recited the statutory factors it considered in determining the award of spousal support to wife and expressly found that wife had the need for support and husband the ability to pay support. Based upon the evidence related to the statutory factors, we cannot say that the trial court erred in affirming the commissioner's recommendation to award $500 in monthly spousal support to wife.

### Award of Fees

Any award of attorney's fees and costs to a party rests with the sound discretion of the trial court and will only be disturbed where there has been an abuse of discretion. See Rowand v. Rowand, 215 Va. 344, 346-47, 210 S.E.2d 149, 151 (1974). Wife earned approximately one-quarter what husband earned. The trial court found that husband expended approximately $20,000 to cover various expenses related to the operation of his farm, which the trial court expressly found to be a hobby, during the period of time in which husband alleged he was unable to pay pendente lite spousal support or mortgage expenses. Based upon our examination of the record, we find no abuse of discretion in the trial court's decision to order husband to pay one-half of wife's attorney's fees and two-thirds of the fees for the commissioner and court reporter.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.