COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Annunziata and Senior Judge Coleman[*]
Argued at Richmond, Virginia


DARYL L. FAUSTINI

                                    MEMORANDUM OPINION[**] BY
v.    Record No. 2750-99-2        JUDGE SAM W. COLEMAN III
                                        FEBRUARY 13, 2001
VICKI J. DUKE, F/K/A
 VICKI D. FAUSTINI


FROM THE CIRCUIT COURT OF POWHATAN COUNTY
Thomas V. Warren, Judge

Jonathan M. Murdock-Kitt (Lawrence D. Diehl,
on brief), for appellant.

Murray J. Janus (Deanna D. Cook; Bremner,
Janus, Cook & Marcus, on brief), for
appellee.


Daryl L. Faustini appeals the judgment of the circuit court granting Vicki J. Duke's motions to reopen and revise the equitable distribution award, to increase spousal support, and to award Duke attorney's fees and costs.  Faustini contends that the trial court erred by (1) finding that he committed extrinsic fraud, which enabled the court to reopen the equitable

---

[*] Judge Coleman participated in the hearing and decision of this case prior to the effective date of his retirement on December 31, 2000 and thereafter by his designation as a senior judge pursuant to Code § 17.1-401.

[**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

distribution award; (2) imputing income to him from BioSanitary, Inc., thereby justifying an increase in spousal support; (3) awarding Duke both an increase in spousal support due to imputed income from BioSanitary and an equitable percentage of the value of BioSanitary stock, as a marital asset; (4) awarding attorney's fees to Duke as ordered in the November 2, 1998 order; and (5) awarding attorney's fees to Duke for two attorneys. Upon review of the case, we affirm the judgment of the trial court.

On appeal, we view the evidence and all reasonable inferences in the light most favorable to Duke as the party prevailing in the trial court. See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990). "The trial court's decision, when based upon credibility determinations made during an ore tenus hearing, is owed great weight and will not be disturbed unless plainly wrong or without evidence to support it." Douglas v. Hammett, 28 Va. App. 517, 525, 507 S.E.2d 98, 102 (1998).

## I.  BACKGROUND

The parties were divorced by decree entered July 18, 1997. Under the terms of the final decree, Faustini paid Duke $1,000 in monthly spousal support from April 15, 1997 until April 15, 1998, at which time he was ordered to pay Duke $1,800 in monthly spousal support. By motion filed April 23, 1998, Faustini petitioned the court to terminate or reduce spousal support and requested other relief. On October 6, 1998, Duke filed a motion to increase

spousal support and to reopen the equitable distribution award on the basis of fraud allegedly committed by Faustini on the court and on Duke at the April 7, 1997 hearing. Following an evidentiary hearing on October 13, 1998, the trial court denied Faustini's motion to reduce or terminate spousal support and granted Duke's motion to increase spousal support to $2,500 per month. Following an additional hearing, the trial court found that Faustini committed extrinsic fraud on the court as to the ownership and value of his interest in BioSanitary and granted Duke a monetary award of $35,361, representing one-half of a twenty-five percent (25%) interest in BioSanitary and an additional $9,251.45 in costs, expert witness fees, and attorney's fees. Faustini appeals those rulings.

## II. ANALYSIS

### A. Reopening Equitable Distribution

Faustini contends that the trial court erred by reopening the equitable distribution award based upon Duke's allegations of intrinsic and extrinsic fraud. We find no error.

"'The charge of fraud is one easily made, and the burden is upon the party alleging it to establish its existence, not by doubtful and inconclusive evidence, but clearly and conclusively. Fraud cannot be presumed.'" Aviles v. Aviles, 14 Va. App. 360, 366, 416 S.E.2d 716, 719 (1992) (citation omitted). The party alleging fraud "has the burden of proving

- 3 -

'(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled.'"  Batrouny v. Batrouny, 13 Va. App. 441, 443, 412 S.E.2d 721, 723 (1991) (quoting Winn v. Aleda Constr. Co., 227 Va. 304, 308, 315 S.E.2d 193, 195 (1984)).

"'Intrinsic fraud' includes perjury, use of forged documents, or other means of obscuring facts presented before the court and whose truth or falsity as to the issues being litigated are passed upon by the trier of fact."  Peet v. Peet, 16 Va. App. 323, 326-27, 429 S.E.2d 487, 490 (1993).  A judgment procured through intrinsic fraud is voidable only, and may not be challenged by collateral attack.  See id. at 327, 429 S.E.2d at 490.

> A collateral attack on a judgment procured by intrinsic fraud has been deemed not warranted because the parties have the opportunity at trial through cross-examination and impeachment to ferret out and expose false information presented to the trier of fact.  When a party discovers that a judgment has been obtained by intrinsic fraud, the party must act by direct attack or appeal to rectify the alleged wrong and cannot wait to assail the judgment collaterally whenever it is enforced.

Id. (citing Jones v. Willard, 224 Va. 602, 607, 299 S.E.2d 504, 508 (1983)).

Extrinsic fraud, on the other hand, "consists of 'conduct which prevents a fair submission of the controversy to the court' and, therefore, renders the results of the proceeding null and void." Id. (citing Jones, 224 Va. at 607, 299 S.E.2d at 508). Extrinsic fraud "'[keeps] the unsuccessful party away from the court,'" either figuratively or literally. McClung v. Folks, 126 Va. 259, 270, 101 S.E. 345, 348 (1919) (citation omitted). "'[T]the unsuccessful party is really prevented, by the fraudulent contrivance of his adversary, from having a trial [of the issue] . . . .'" Id. "A collateral challenge to a judgment obtained by extrinsic fraud is allowed because such fraud perverts the judicial processes and prevents the court or non-defrauding party from discovering the fraud through the regular adversarial process." Peet, 16 Va. App. at 327, 429 S.E.2d at 490.

The trial court reopened the equitable distribution award based upon the evidence presented by Duke that Faustini engaged in extrinsic fraud regarding the disposition of his interest in BioSanitary. At the time of the original equitable distribution hearing in April 1997, Faustini represented to Duke that he had sold his twenty-five percent (25%) stock interest in the subchapter S corporation, BioSanitary, on October 1, 1996 for $500, due to his concerns about his employer's new conflict-of-interest policies. The trial court ruled that

- 5 -

evidence related to BioSanitary was "water over the damn as far as I'm concerned, and I'm not going to go back and try to dig into that or retrieve it." Faustini, however, misled the trial court and Duke by representing that he divested himself of all interest in BioSanitary and that he retained no equitable interest in BioSanitary.

At the evidentiary hearing in October 1998, Duke presented evidence which the trial court found to be clear and convincing that Faustini perpetrated extrinsic fraud upon the court and upon Duke in both his disclosure and nondisclosure concerning his interest in BioSanitary. The evidence presented by Faustini was that he redeemed his BioSanitary stock in October 1996 for $500, asserting that his ownership of BioSanitary stock created a conflict of interest with his employer, Philip Morris. Unbeknownst to Duke and a fact that was not disclosed at the October 1998 hearing, Faustini's paramour had purchased Faustini's redeemed shares on January 2, 1997 for the same $500 price. Within two months of purchasing the BioSanitary stock, Faustini's paramour received her first dividend check for $5,000. She has continued to received dividends checks, and between February 1997 to August 1998, she received more than $22,000. During this same time period, she deposited several thousand dollars into Faustini's bank account. She and Faustini were married in October 1997. Furthermore, the evidence proved

- 6 -

that no significant change in Philip Morris'
conflict-of-interest policies occurred in 1996. In fact,
Faustini conceded that the provisions of Philip Morris' current
conflict-of-interest policy which pertained to him had been
instituted in 1991 and has not been materially altered since
that time. In addition, Faustini acknowledged that Philip
Morris' conflict-of-interest policy also pertained to spouses of
employees and would apply to his current wife who owns the
stock.

In ruling on whether Faustini committed extrinsic fraud,
the trial court noted:

> It's apparent to me that Mr. Faustini
> has tried to circumvent [his employer] and
> tried to circumvent his former wife, tried
> to circumvent the Court, and I am going to
> impute income to him which is attributable
> to these dividends that are continuing.
>
> It's obvious that this is no defunct
> company or corporation as was stated to the
> Court when we had our earlier hearing in
> April. This is a viable, money-making
> operation, and I think Mr. Faustini is
> getting the benefit from it.

The record supports the trial court's finding that clear and
convincing evidence proved that Faustini committed extrinsic
fraud upon the court and Duke by misrepresenting that he had
divested himself of an equitable interest in BioSanitary and at
the time of the October 1998 hearing he received no beneficial
income or held no beneficial interest in BioSanitary.

We find Faustini's claim to be without merit that Duke should have or could have discovered the circumstances surrounding Faustini's redemption of the stock and the subsequent purchase of the stock by his paramour at the time of the equitable distribution hearing. The fact that Duke might have been able to discover the extrinsic fraud that Faustini had committed upon her and upon the court is of no consequence. Duke reasonably relied on Faustini's representation that he had to divest himself of the stock because of the conflict of interest with his employer and that after he divested himself of the stock, he no longer retained a beneficial interest in the stock. Therefore, we find no error in the trial court's finding of extrinsic fraud.

## B. Increased Spousal Support

Faustini contends that the trial court erred by imputing additional income to him from BioSanitary thereby justifying an increase in spousal support. He contends that income from BioSanitary should not be imputed to him because the income is received by his current wife, not by him. We find no merit in the contention.[1]

---

[1] Duke contends that Faustini's appeal of the spousal support issues is time-barred. Faustini was not, however, required to file his appeal of the interlocutory spousal support decree, but was entitled to appeal from the final order entered on October 20, 1999. See Code § 17.1-405(4); see also Weizenbaum v. Weizenbaum, 12 Va. App. 899, 903, 407 S.E.2d 37,

Continued . . .

- 8 -

"Code § 20-109 provides that '[u]pon the petition of either party the court may increase . . . spousal support and maintenance . . . as the circumstances may make proper.' The party moving for a modification of support payments must prove 'both a material change in circumstances and that this change warrants a modification of support.'" Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992) (citation omitted).

Both parties had moved for a modification of the prior support award; Faustini moved to terminate or reduce his support obligation, and Duke moved for an increase of support. Based upon the evidence presented at the October 1998 hearing, the trial court found that Faustini failed to prove a material change in circumstances warranting a reduction in his spousal support payments. The trial court noted that Faustini had greater income and less debt than at the time of the last support determination. The evidence supports the trial court's determination that Faustini did not prove a material change in circumstances that would have supported a reduction in spousal support.

To the contrary, the trial court imputed to Faustini the income from BioSanitary, consisting of dividend distributions that he formerly received for his twenty-five percent (25%) stock

39 (1991) (stating that "some orders adjudicating the principles of a cause may be appealed at the time of entry but need not be until there is a final order").

- 9 -

interest but which were subsequently being paid to his current wife. A trial court may impute income to a party under appropriate circumstances where that party has diverted income to a third person but the party continues to receive a beneficial interest from the income. See, e.g., Stubblebine v. Stubblebine, 22 Va. App. 703, 708-11, 473 S.E.2d 72, 74-76 (1996) (en banc) (imputing income following payor spouse's retirement); Cochran v. Cochran, 14 Va. App. 827, 830-31, 419 S.E.2d 419, 421 (1992) (remanding for imputation of income usually earned by payor spouse from second job); Srinivasan v. Srinivasan, 10 Va. App. 728, 734-35, 396 S.E.2d 675, 679-80 (1990) (imputing income to payee spouse). Here, the evidence supports the trial court's finding that Faustini misrepresented his annual income by fraudulently diverting income from BioSanitary to his current wife, of which he continued to receive the benefit. Faustini purportedly sold the stock for $500 that had produced between $8,000 to $50,000 in annual income since 1986. He claimed to have sold the stock due to a change in his employer's conflict-of-interest policy when, in fact, no change had occurred. To the extent that the employer's conflict-of-interest policy did preclude Faustini's activity, as it had before, Faustini's scheme permitted him to continue to receive the benefit of the income from BioSanitary that was being paid to his wife. Three months after Faustini purportedly disposed of his stock, his paramour purchased the stock, that had

just yielded an annual dividend of $50,000, at the same initial offering price of $500 for which Faustini had purchased the stock in 1987. Within three weeks of the purchase, Faustini's paramour received a dividend check for $5,000. Faustini married her within three months after entry of the final divorce decree. Based on these facts, the trial court found that Faustini fraudulently made it appear to the court and to Duke at the evidentiary hearing that his income had been substantially reduced because he had to sell his BioSanitary stock, when in fact he had transferred it to his fiancée. The evidence supports the trial court's conclusion that Faustini attempted to fraudulently divert his income and the court's decision to impute the income to Faustini.

Therefore, based upon the evidence and the trial court's factual findings, we find no merit in Faustini's appeal of the trial court's decision to impute income to him or to increase the amount of his monthly spousal support obligation.

### C. Award of Spousal Support and Share of Asset

Faustini contends that it was error for the trial court to award Duke both spousal support based on his imputed income from BioSanitary and a share of BioSanitary as a distribution of a marital asset. He argues that this amounts to a double award from a single asset. We disagree.

> A spousal support award under Code § 20-107.1 serves a purpose distinctly different from an equitable distribution award fashioned under Code § 20-107.3.

- 11 -

"Spousal support involves a legal duty flowing from one spouse to the other by virtue of the marital relationship. By contrast, a monetary award does not flow from any legal duty, but involves an adjustment of the equities, rights and interests of the parties in marital property." "In determining spousal support, the trial court's consideration must include earning capacity, obligations, needs, the property interest of the parties, and the provisions if any, made with regard to marital property."

Stumbo v. Stumbo, 20 Va. App. 685, 691, 460 S.E.2d 591, 594 (1995) (citations omitted).

The stock ownership of BioSanitary was an income-producing marital asset. As a marital asset imputed to and owned by Faustini, Duke was entitled under the provisions of Code § 20-107.3(C)-(E) to a monetary award representing her equitable interest in the marital asset. However, Faustini retained the equitable ownership of the marital asset that continued to produce substantial annual income which should have been available for both Faustini's and Duke's support under Code § 20-107.1(E)(1). Thus, although the value and income production of the monetary award to Duke of her marital share of the BioSanitary stock must be taken into consideration as an asset that she received under Code § 20-107.1(E)(8) in determining her entitlement to spousal support, the beneficial income that Faustini continued to receive as annual dividends from BioSanitary was income to Faustini that also was to be considered under Code § 20-107.1(E)(1) in

- 12 -

determining spousal support.  Accordingly, the trial court did not err in awarding Duke her equitable share of the value of the marital asset, nor did the trial court err in increasing Faustini's spousal support obligation based upon the dividend income that he continued to receive from the asset.  See Moreno v. Moreno, 24 Va. App. 190, 204, 480 S.E.2d 792, 799 (1997) (finding that trial court did not err in finding that income from husband's pension benefits, of which wife had already received a marital share under the equitable distribution award, is a resource which could be used to satisfy husband's spousal support obligation).  Therefore, we find no merit in Faustini's contention.

### D.  Award of Attorney's Fees

Faustini contends that the trial court erred by awarding attorney's fees to Duke and by awarding her attorney's fees for two attorneys.  We find no error.  "An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion."  Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987).  The standard for a proper award of attorney's fees is reasonableness under the circumstances.  See McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

The trial court awarded Duke $5,000 in attorney's fees and $895.45 in costs.  The trial court found the amount of time devoted to the case and the rate of the fees to be reasonable.

- 13 -

Based on the number and complexity of the issues involved and the respective abilities of the parties to pay, we cannot say that the award was unreasonable or that the trial judge abused his discretion in making the award.

Accordingly, the decision of the circuit court is affirmed.

<u>Affirmed.</u>