RYDER, Acting Chief Judge.
This appeal is from a trial court’s nonfi-nal order continuing a temporary injunction. The temporary injunction enjoins appellant from developing, alienating, conveying, encumbering or disposing of a certain parcel of real property allegedly owned by the appellant corporation. This case has brought into issue several intertwined questions of what person or persons, natural or otherwise, has title to or other ownership interests in the property. The trial court’s nonfinal order expressly refuses to decide the issues concerning matters of title; as do we. The trial court stated that it “at this time does not determine issues concerning matters of title, since those issues are raised only peripherally.” We construe that statement to mean that the trial court will, once fully litigated, decide in this proceeding the issues concerning matters of title, because our reading of the appendices supplied to us makes it clear to us that the case cannot be fully and fairly disposed of without deciding the matters of title.
After stating that matters of title would not be decided, the trial court in the very next sentence determined the application of the Marketable Record Title Act (MRTA) and cited, as support, Judge Spec-tor’s dissent in Reid v. Bradshaw, 302 So.2d 180, 184 (Fla. 1st DCA 1974). The trial court erred in applying the MRTA to this case. The MRTA extinguishes “all estates, interests, claims or charges whatsoever, the existence of which depends upon any act, title transaction, event or omission that occurred prior to the effective date of the root of title.” § 712.04, Fla.Stat. (1985). [emphasis added] When property is homestead (which is what is alleged in part here), the children’s remainder interest in the property does not become vested until the head of the household dies. Reed v. Fain, 145 So.2d 858, 868 (Fla.1961). Prior to that event, the children have a mere contingent remainder. Id. Prior to the 1968 revision of the Florida Constitution, the property was freely alienable by the head of the household, joined by the spouse if married, for valuable consideration. Art. X, § 4, Fla. Const, of 1885. See also Regero v. Daugherty, 69 So.2d 178, 181 (Fla. 1953). Subsequent to the 1968 revision, the property was freely alienable by the head of household, joined by the spouse if married, with or without valuable consideration. Art. X, § 4, Fla. Const, of 1968. See also Chase Federal Savings and Loan Ass’n v. Schreiber, 479 So.2d 90, 101 (Fla.1985), cert. denied, — U.S. -, 106 S.Ct. 2282, 90 L.Ed.2d 723 (1986). We need not decide here, as did our sister court in Reid, when the children’s cause of action accrued, because neither the date of the head of the household’s death nor the date of his wife’s death was prior to the asserted root of title. The head of the household died in 1974. His wife died in 1982. The deed the trial court found to be the root of title was recorded in 1956. Only interests in existence prior to 1956 could be extinguished by the MRTA. The MRTA therefore is not applicable to any of the issues concerning matters of title in this action, and the trial court’s findings to the contrary are reversed and vacated.
The order continuing the temporary injunction also states “[t]he court finds the deed of July 16, 1981, to be valid.” Because the trial court expressly refused to decide issues concerning matters of title, as discussed above, we construe this finding to mean that the 1981 deed was validly executed. As we construe the statement, the trial court did not decide what—if anything—the deed conveyed, or what interest—if any—the grantor had that lawfully could be conveyed.
Turning now to the temporary injunction, appellant argues that the tempo *379 rary injunction was continued based upon two void conveyances. Because this is an appeal from a nonfinal order, the argument is premature. The purpose of the temporary injunction in this case is to preserve the status quo of the parties until the ultimate disposition of the case. The matters of title, although not directly raised in the pleadings, go to the core of the controversy that generated this litigation. Appellant’s argument here is premature because the matters of title have been neither fully litigated nor decided. Our review is limited to whether the trial court abused its discretion in continuing the temporary injunction. With the one exception noted below, no such abuse has been shown, and we hold the trial court did not abuse its discretion in continuing the temporary injunction.
The focus of this litigation is a parcel of approximately 127 acres of land in Manatee County. It is an irregularly shaped piece of property that includes five separate legal descriptions, and each of the five areas have been given a name in this litigation for ease of identification. Four of the areas have issues concerning matters of title yet to be decided, and the trial court was correct in continuing the temporary injunction as to those areas. From our reading of the appendices and briefs supplied by the parties, we see no dispute concerning matters of title as to the “house area.” Accordingly, we hold the trial court erred in continuing the temporary injunction as to the “house area” and we quash the injunction to that extent. We remand the case for further proceedings consistent with this opinion.
Affirmed in part; reversed in part and remanded with instructions.
HALL and THREADGILL, JJ., concur.