890 F.2d 420
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Don Michael WEBB, Defendant-Appellant.
 No. 88-3158.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 15, 1989.
Decided Nov. 30, 1989.
 Before EUGENE A. WRIGHT, WALLACE and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Don Michael Webb appeals his conviction, following his conditional guilty plea, for possessing with intent to distribute marijuana in violation of 21 U.S.C. Sec. 841(a)(1) and possessing an unregistered firearm in violation of 26 U.S.C. Secs. 5845(a)(2) and 5861(d). Webb challenges the district court's denial of his motion to suppress all evidence seized in a warrantless search of two garbage bags placed outside his home and in a later search of his home pursuant to a warrant. We affirm.
 
 FACTS
 
 3
 In November 1987, the Narcotics Division of the Alaska State Troopers received information from a reliable, confidential source that Webb was growing marijuana at 714B Fischer Avenue. Sergeant Grimes, a narcotics investigator for the Alaska State Troopers, later determined that Webb had lived at that address for several years. Grimes also learned of three anonymous Crime Stoppers reports received by the Anchorage Police Department in April 1986, October 1986, and December 1987. Each caller reported that Webb was growing or selling marijuana.
 
 
 4
 Following the informant's tip in November 1987, Grimes contacted the Drug Enforcement Agency ("DEA"), which began a federal investigation. The Alaska State Troopers assisted the DEA in the investigation.
 
 
 5
 During a surveillance of Webb's home on December 23, 1987, Grimes noticed two opaque, sealed garbage bags set near the street, four feet in front of the mail box. Grimes seized the bags. The next day, without attempting to get a warrant, Grimes searched the contents of the bags and found marijuana plants and residue, potting soil, a receipt with Webb's name, and an envelope bearing Webb's address.
 
 
 6
 Based on this information and on his twelve years of experience in narcotics investigations, Grimes believed Webb was growing marijuana at his home and selling it. Grimes and DEA officer Tom Burton applied for a warrant to search Webb's home. On December 29, 1987 the magistrate issued a search warrant for the home. The warrant authorized seizure of "Marijuana, Marijuana cultivation, processing, and distribution paraphernalia, Records of drug sales and income." The warrant authorized a search on or before January 4, 1988.
 
 
 7
 Webb's home was searched December 30, 1987. During the search, Grimes observed a sawed-off shotgun in a holster on a closet shelf. Officers seized the shotgun along with other firearms.
 
 DISCUSSION
 
 8
 Webb contends that the admissibility of evidence in his federal prosecution should be judged by state as well as federal law standards. However, in federal court, "evidence seized in compliance with federal law is admissible without regard to state law." United States v. Chavez-Vernaza, 844 F.2d 1368, 1374 (9th Cir.1987). The district court correctly examined Webb's motion to suppress under federal law.
 
 
 9
 Webb challenges under the fourth amendment the warrantless seizure and search of the garbage bags. The Supreme Court has held that an individual has no reasonable expectation of privacy in garbage bags left at the curb outside a residence for collection. California v. Greenwood, 108 S.Ct. 1625, 1628-29 (1988).
 
 
 10
 Webb tries to distinguish this case from Greenwood, noting that in Greenwood the police obtained the garbage bags from garbage collectors, not directly from the curb outside the defendants' home. However, the Court did not rely on this circumstance in its decision. Rather, the Court emphasized that the defendants had deposited their garbage "in an area particularly suited for public inspection and ... public consumption, for the express purpose of having strangers take it." 108 S.Ct. at 1629 (quoting United States v. Reicherter, 647 F.2d 397, 399 (3d Cir.1981). It was this act of abandonment that dispelled any expectation of privacy Webb may have had in the garbage bags. See United States v. Dela Espriella, 781 F.2d 1432, 1437 (9th Cir.1986) (placing garbage at curb for collection constitutes abandonment). The district court correctly found no fourth amendment violation in the warrantless seizure and search of the garbage bags.
 
 
 11
 Webb next challenges the validity of the search warrant, contending that it was unconstitutionally overbroad. The question of whether a warrant is unconstitutionally overbroad is a question of law which we review de novo. United States v. Perdomo, 800 F.2d 916, 920 (9th Cir.1986).
 
 
 12
 Webb argues that the general language at the end of the warrant, authorizing seizure of "Records of drug sales and income," was overbroad because it allowed seizure of all records of income, regardless of their relationship to drug transactions. This court has held that "general language located at the end of a warrant is to be viewed as relating only to the specific offense named in preceding portions of the warrant." Id. (construing Andreson v. Maryland, 427 U.S. 463, 479-82 (1976). Here, the general reference to "income" at the end of the warrant is read as it relates to the crimes specified in the warrant: marijuana cultivation, processing and distribution. Thus, the warrant is not overbroad as to its scope.
 
 
 13
 Webb further contends that the warrant specified too long a period in which the search could take place. The warrant was issued on December 29, 1987, and authorized a search on or before January 4, 1988. The Federal Rules of Criminal Procedure permit a magistrate or judge to issue a warrant commanding an officer to search a person or place "within a specified period of time not to exceed 10 days." Fed.R.Crim.P. 41(c)(1). Here, the period specified was six days and thus was within the ten-day limit allowed by the Federal Rules.
 
 
 14
 Webb also challenges the warrant's validity by arguing that it was not supported by probable cause. Specifically, Webb contends that the evidence relied upon in Sergeant Grimes' affidavit was stale.
 
 
 15
 A magistrate's determination of probable cause to issue a warrant is treated with great deference and is not reviewed de novo. United States v. McQuisten, 795 F.2d 858, 861 (9th Cir.1986).
 
 
 16
 The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... conclud[ing]" that probable cause existed. Jones v. United States, 362 U.S., at 271.
 
 
 17
 Illinois v. Gates, 462 U.S. 213, 238-39 (1983).
 
 
 18
 Here, the magistrate had a substantial basis to conclude probable cause existed. Three separate tips over a period of more than one year indicated that Webb was growing and selling marijuana. A reliable, confidential source supplied similar information to the police less than two months before the magistrate's determination. Sergeant Grimes' own investigation corroborated this information. See id. at 241-46 (recognizing the value of corroboration of an informant's tip by independent police work).
 
 
 19
 Further, the information in the affidavit was not stale even though some items were over a year old. The mere lapse of time does not control the staleness inquiry. United States v. Dozier, 844 F.2d 701, 707 (9th Cir.), cert. denied, 109 S.Ct. 312 (1988). Rather, the court should also consider the ongoing nature of a crime, id., and the kind of property for which authorization to search is sought. United States v. Foster, 711 F.2d 871, 878 (9th Cir.1983), cert. denied, 465 U.S. 1103 (1984). Webb was under investigation for marijuana cultivation, a long-term crime and one in which documentary records are typically maintained over long periods of time. See Dozier, id.
 
 
 20
 Finally, Webb contends that the warrantless seizure of the shotgun was not justified under the plain view doctrine. Specifically, Webb argues that Sergeant Grimes did not know the shotgun was contraband when he seized it. Yet the seizure of property in plain view is presumptively reasonable if "there is probable cause to associate the property with criminal activity." Payton v. New York, 445 U.S. 573, 587 (1980). Probable cause "merely requires that the facts available to the officer would 'warrant a man of reasonable caution in the belief' that certain items may be contraband...." Texas v. Brown, 460 U.S. 730, 742 (1983) (emphasis added) (quoting Carroll v. United States, 267 U.S. 132, 162 (1925).
 
 
 21
 Here, Grimes saw that the shotgun's barrel had been sawed off and the stock had been shortened. Under 26 U.S.C. Secs. 5845(a) and 5861(d), it is unlawful to possess an unregistered shotgun with an overall length of less than twenty-six inches or a barrel of less than eighteen inches. Believing the shotgun may have been contraband, Grimes seized it to measure the barrel and check the gun's registration. The seizure of the shotgun was supported by probable cause.
 
 
 22
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3