918 So.2d 982 (2005)
Henrietta FLEMING, Appellant,
v.
Robert DEMPS, as Personal Representative of the Estate of Lillie Mae Mason, Appellee.
No. 2D04-4299.
District Court of Appeal of Florida, Second District.
December 21, 2005.
Rehearing Denied January 27, 2006.
Eric K. Allen of The Allen Law Firm, P.A., Lakeland, for Appellant.
*983 Ronald L. Cason of Law Offices of Ronald L. Cason, Fort Pierce, for Appellee.
SILBERMAN, Judge.
Henrietta Fleming appeals a final judgment in which the probate court determined that certain funds are the property of Lillie Mae Mason's estate and that the funds should be administered as estate funds. Because the probate court made a final determination as to ownership of the funds without providing an opportunity to be heard to Ms. Fleming, we reverse.
Prior to her death, Ms. Mason (the decedent) resided in a nursing home. She had approximately $317,000 in an account with Sunshine State Federal Savings and Loan Association (the bank). The designated beneficiary on the account was Esther Demps, the decedent's sister-in-law.
After Ms. Mason's death, her brother, Robert Demps (the personal representative), filed a petition for administration of the estate. The petition listed an account at the bank as an estate asset. At some point, the personal representative learned that the money in the decedent's account had been transferred to an account in Ms. Fleming's name. Ms. Fleming was the decedent's niece. On the personal representative's oral motion, the probate court entered an order directing the bank to freeze the funds that had been transferred from the decedent's account to Ms. Fleming's "name," pending further court order.
Ms. Fleming filed a motion to dissolve the injunction, asserting that the order freezing the funds had been improperly entered. The personal representative then filed a petition to compel production of the funds and for an accounting, alleging that Ms. Fleming instigated the transfer of funds and took the funds for her own use. The petition also alleged that the funds belonged to the estate and were at risk of being wasted.
At an evidentiary hearing, a bank officer testified that Ms. Fleming went to the bank and requested that the bank officer visit the decedent at the nursing home. The bank officer testified that she then went to the nursing home, spoke with the decedent, and in accordance with the decedent's request, transferred funds from the decedent's account to Ms. Fleming. The decedent died the following day. The bank officer stated that the decedent requested the transfer so that Ms. Fleming could divide the money among four people, "according to family size." The testimony reflects little additional detail as to the decedent's wishes.[1]
On May 13, 2002, the probate court rendered its order rejecting Ms. Fleming's arguments. The court concluded that the evidence did not establish that the decedent had made an absolute gift or gift causa mortis of the funds to Ms. Fleming or that Ms. Fleming had the authority to distribute the funds to her family members in an amount based solely on her discretion. The court stated that "as an incomplete transaction or incomplete trust that the money probably would be reverting back to the estate." However, the court indicated that its statement was not "a finding because that would be a conclusion of law, and I would give the sides some opportunity to brief me as to the law concerning *984 my findings of fact." The court denied Ms. Fleming's motion to dissolve the injunction, granted the personal representative's motion to compel production of estate funds, and ordered the parties to direct the bank to place the monies in an estate account. The court directed that there be no disbursements from the account without leave of court. Ms. Fleming appealed the order, and this court affirmed. See Fleming v. Demps, 843 So.2d 268 (Fla. 2d DCA 2003) (table decision).
On March 1, 2004, the personal representative filed a motion to determine ownership of the disputed funds. He alleged that the funds constituted estate property but acknowledged that other parties, including Ms. Fleming and Esther Demps, claimed ownership of the funds. He also alleged that "there is a need to determine who is the rightful owner of the disputed funds and whether the funds should be administered as estate assets or distributed to those interested persons who allege ownership." The personal representative requested that the court "determine who is the rightful owner of the disputed funds." He served the motion on Ms. Fleming's counsel, but the parties acknowledge that the trial court never held a hearing on the motion.
On July 27, 2004, the probate court entered a final judgment. The final judgment is identical to the May 13, 2002, order except that the title contains the words "final judgment" instead of "order" and, instead of directing that there be no disbursement of the funds without further leave of court, the order specifically finds that the funds are estate property and shall be administered as estate funds. That order is the subject of this appeal.
Ms. Fleming raises several issues, one of which requires reversal. As discussed below, we agree that the probate court erred in entering the final judgment without providing Ms. Fleming an opportunity to be heard on the personal representative's motion to determine ownership of the disputed funds. We reject her other arguments without comment except to observe that those issues that were actually decided in the earlier appeal, or those issues that the earlier decision implicitly addressed or necessarily considered, are foreclosed by the law of the case doctrine. See Fla. Dep't of Transp. v. Juliano, 801 So.2d 101, 105-06 (Fla.2001); Graef v. Hegedus, 827 So.2d 394, 395 (Fla. 2d DCA 2002); Toledo v. Hillsborough County Hosp. Auth., 747 So.2d 958, 960-61 (Fla. 2d DCA 1999).
Concerning the lack of an opportunity to be heard prior to entry of the final judgment, "[d]ue process requires that a party be given the opportunity to be heard and to testify and call witnesses on his behalf, and the denial of this right is fundamental error." Pettry v. Pettry, 706 So.2d 107, 108 (Fla. 5th DCA 1998) (citations omitted); see also Pope v. Pope, 901 So.2d 352, 353-54 (Fla. 1st DCA 2005) (same); Hinton v. Gold, 813 So.2d 1057, 1060 (Fla. 4th DCA 2002) (same). Here, the personal representative's motion of March 1, 2004, to determine who is the rightful owner of the funds and whether the funds should be administered as estate assets or otherwise distributed to the proper owner was resolved without giving Ms. Fleming any opportunity to be heard and to present evidence on the issues.
The personal representative argues that the evidentiary hearing conducted before the probate court entered the May 13, 2002, order resolved the issues and that Ms. Fleming is entitled to no relief. However, the May 13, 2002, order determined that Ms. Fleming did not establish that the decedent made a gift of the funds or granted a power of appointment or trust to Ms. Fleming, and it directed that the funds be placed in an estate account and held pending *985 further court order. The order did not resolve the issues raised by the personal representative in his March 1, 2004, motion: whether Ms. Fleming or others had any ownership interest in the funds; whether the funds constituted an estate asset; or whether the funds belonged to Esther Demps as the beneficiary designated by the decedent in the account documents. The motion specifically acknowledged that Ms. Fleming, Ms. Demps, and others had alleged ownership interests in the funds, and the personal representative requested that the court determine ownership of the funds.
Further, at the hearing preceding the entry of the May 13, 2002, order, the trial court made clear that all interested parties would have the opportunity to litigate and be heard concerning the ownership issue. Section 731.201(21), Florida Statutes (2003), provides that an "`[i]nterested person' means any person who may reasonably be expected to be affected by the outcome of the particular proceeding involved." The record reflects that Ms. Fleming remains an interested party.
Therefore, because the probate court failed to give Ms. Fleming an opportunity to be heard on the personal representative's motion to determine ownership of the funds, we reverse the final judgment and remand for further proceedings.
Reversed and remanded.
STRINGER and CANADY, JJ., Concur.
NOTES
[1] Documents and deposition testimony contained in the record suggest that the transfer of funds may have occurred in a manner different from that described in the bank officer's testimony. It appears that after the bank officer met with the decedent, Ms. Fleming was substituted in the place of Ms. Demps as the named beneficiary of the account. After the decedent's death, Ms. Fleming withdrew or transferred the funds into an account titled in her own name. This discrepancy between the hearing testimony and the other record documents does not impact our decision.