949 So.2d 262 (2007)
Dorothy Collins SIMPSON, Appellant,
v.
In re ESTATE OF Roosevelt NORTON, Tangela Norton Ilas, and Cedric Norton, Appellees.
Nos. 3D06-971, 3D06-837, 3D06-1767.
District Court of Appeal of Florida, Third District.
February 7, 2007.
*263 Dorothy Collins Simpson, Georgia, in proper person.
Leon E. Sharpe, Miami, for appellees.
Before WELLS and CORTIÑAS, JJ., and SCHWARTZ, Senior Judge.
CORTIÑAS, Judge.
This case is a consolidation of three appeals arising out of the probate administration of the estate of Roosevelt Norton, the Appellant's uncle. The Appellant, Dorothy Collins Simpson ("Simpson"), and her uncle each own a fifty percent interest in real property located at 13021 N.W. 20th Avenue, Miami, Florida. Simpson contends that she also owns personal property within the house. First, Simpson appeals from the trial court's April 15, 2006 order determining ownership of personal property. Second, Simpson appeals from the trial court's April 18, 2006 order which gave Simpson ten days to decide whether to exercise her right of first refusal. *264 Third, Simpson appeals from the trial court's July 11, 2006 order mandating the removal of all personal items from the property, authorizing the deposit of the proceeds of the sale into the estate's restricted depository, and ordering all parties to cooperate in conveying the property to a third party buyer.
Simpson raises numerous arguments on appeal. In her first appeal, Simpson contends that the trial court erred in determining that she had forfeited any ownership rights in the personal property contained within the house. At the December 3, 2003 hearing, which was memorialized in the April 5, 2006 order, the trial court explained that Simpson testified that the personal property she contends she owns was given by Simpson to her grandmother, who resided in the house with Roosevelt Norton prior to her death in 1997. Simpson contends that her grandmother's will devised all her personal property to Simpson, and therefore the gifts she had given her grandmother were devised back to her. The trial court concluded that if the gifts were devised to Simpson, Simpson should have either removed the property in 1997 or should have had her grandmother's will probated so that a list could be created of all the personal property that passed to her from her grandmother's will. The trial court further noted that when the grandmother's will was probated, after the death of Roosevelt Norton, no list of personal property was ever created. The trial court explained that, without such a list, it was in the impossible position of first determining what had belonged to Simpson's grandmother, to then determine what now belongs to Simpson.[1] Ultimately, the trial court concluded, "I don't have anything before me that shows that Ms. Simpson has a better claim than the estate."
On appeal, Simpson contends that, prior to 1997, she purchased the items in dispute, and, therefore, she owns them. She acknowledges that some of the items may have been gifts to her grandmother, but that other items were purchased for herself, without explaining which items fall into which category. We find that the trial court's factual findings were supported by competent and substantial evidence and, thus, we find no error. In re Estate of Sterile, 902 So.2d 915, 922 (Fla. 2d DCA 2005)("As a general rule, a decision in a nonjury case based on a finding of fact from disputed evidence is subject to the competent, substantial evidence standard of review on appeal because the trial judge is in the best position `to evaluate and weigh the testimony and evidence based upon its observation of the bearing, demeanor, and credibility of the witnesses.'" (quoting Shaw v. Shaw, 334 So.2d 13, 16 (Fla.1976))). Neither Simpson's procedural nor substantive due process rights were violated. Cf. Fleming v. Demps, 918 So.2d 982, 983 (Fla. 2d DCA 2005)(reversing trial court's order determining ownership of funds where interested party claiming ownership of funds was not given an opportunity to be heard).
In her second appeal, Simpson contends that the delay in memorializing the December 3, 2003 ruling prejudiced her *265 because she was unable to obtain financing at low rates to enable her to exercise her right of first refusal. However, the only aspect of the December 3, 2003 ruling that relates to Simpson's right to purchase the property is a comment by the trial court that he would have no problem with Simpson purchasing the property. There is nothing in the transcript to indicate that all parties agreed to sell the property to Simpson at the December 3, 2003 hearing as Simpson contends. Similarly, the December 3, 2003 ruling did not grant Simpson a right of first refusal. The earliest court order included in the record that recognizes Simpson's right of first refusal was signed on February 16, 2006, memorializing the January 5, 2006 hearing. The December 3, 2003 ruling and the April 5, 2006 order simply do not bear on Simpson's right to purchase the property. In any event, the trial court's December 3, 2003 oral ruling was binding at the time it was pronounced. If Simpson was granted any right to purchase the property by this ruling, such a right vested at the time the ruling issued. The delay between the oral ruling and the written order did not affect Simpson's right to purchase the property.
Simpson also contends that the April 5, 2006 order failed to incorporate the entirety of the December 3, 2003 ruling, namely the trial court's comments on mortgage payments and determining the fair market value of the house. After careful review of the December 3, 2003 hearing and the April 5, 2006 order, we conclude that this contention is without merit. The only omission from the April 5, 2006 order is the trial court's suggestions regarding proceeding with the sale of the property. However, these suggestions were not part of the trial court's December 3, 2003 ruling. Instead, they were mere dicta and were properly excluded from the written order. Although the trial court indicated that Simpson may be entitled to credit for the mortgage payments she had made, the trial court reiterated multiple times that the issue of paying the estate's debts was not before the court. Similarly, the trial judge did not rule on selling the property, but instead suggested how he would like counsel for the estate to proceed. Incredibly, the trial court's suggestion as to how to calculate the selling price of the house, by selling the house at whatever value a prospective buyer is willing to pay instead of selling the house at its lower appraisal value or at the fair market value at the time of Roosevelt Norton's death, was followed exactly by the personal representative and is the exact method of which Simpson now complains.
Simpson contends that the purchase price of the property approved by the court exceeds the "fair market value" of the property given the property's state of disrepair. Although we empathize with Simpson's situation, she points out no legal error. See, e.g., Dunn v. Kean, 928 So.2d 383, 383 (Fla. 1st DCA 2006)(holding that dissatisfaction with the administration of a probate estate unaccompanied by any legal basis as to how the trial court abused its discretion is not grounds for an appeal). Simpson and the personal representative agree that the property must be sold. Simpson has been granted a right of first refusal on the property. The court appointed a realtor who listed the property and received offers on the property. Simpson was given numerous opportunities to exercise her right of first refusal. However, Simpson refused to either match the buyer's offer or cooperate in completing the sale to the buyer, contending, as she does on appeal, that the purchase price was too high. Ultimately, the personal representative was forced to obtain a court order mandating that Simpson exercise her right of first refusal within ten days. *266 The trial court did not abuse its discretion in issuing such an order. The trial court is not bound to authorize a sale of the property at a "fair market value" that is less than what prospective buyers are willing to pay. See, e.g., Iglehart v. Phillips, 383 So.2d 610, 615 (Fla.1980)(implicitly recognizing that options to purchase can be based on either market value or appraisal value). To the contrary, it is the obligation of the trial court and the personal representative to maximize the value of the estate's assets so that estate creditors can be paid.
Further, we must note that the trial court allowed Simpson an additional opportunity to exercise her right of first refusal after the prospective buyer inspected the property to address Simpson's concern regarding the high price. This was done so that, if the buyer sought a reduction in price due to the property's condition, Simpson would be afforded an opportunity to match the reduced price. The trial court did everything possible to afford Simpson an opportunity to exercise her right of first refusal. However, Simpson simply cannot prohibit the trial court from authorizing the sale of the property because she thinks the purchase price is too high.
Simpson's third appeal realleges the same issues already addressed in this opinion and raises issues that do not relate to the trial court's order from which the appeal was taken. Simpson's contentions that the personal representative of Roosevelt Norton's estate delayed in filing an inventory list, that counsel for the estate did not provide proof under section 732.108, Florida Statutes, for heirs born out of wedlock, and that the personal representative and counsel for the estate should be sanctioned, are without merit.
Finally, Simpson contends that she is entitled to reimbursement from the estate for funeral expenses and mortgage payments she paid. The trial court has not yet ruled on this issue, and the record is clear that the estate's creditors cannot be satisfied until the property at issue is sold because the estate is otherwise insolvent. Simpson even recognizes the estate's insolvency in her briefs. Thus, Simpson's contentions in this regard are premature. See Conservatory-City of Refuge, Inc. v. Kinney, 514 So.2d 377, 378 (Fla. 2d DCA 1987)(finding appeal premature where issues raised on appeal "have neither been fully litigated nor decided"). Similarly, Simpson's argument that Simpson and the mortgage company were never noticed as creditors was not an issue decided by the trial court and, therefore, is not before this court on appeal. The trial court must be afforded an opportunity to decide this issue before an appeal can be taken. See id. Additionally, this is not the proper forum in which to litigate Simpson's numerous complaints about her three former attorneys and we decline to address those issues.
Because we find no error in the trial court's orders on appeal, we affirm.
Affirmed.
NOTES
[1] Notably, the order of summary administration for Annie Collins, Simpson's grandmother, states that "100% of all assets* *" are to be immediately distributed to Dorothy Collins Simpson. The order then states "* *said assets consisting of Decedent's 50% interest in . . . 13021 NW 20th Avenue, Miami, FL 33167." No personal property is listed in the order. Simpson misunderstands the effect of this order of summary administration. Although it establishes rights to Annie Collins' former property, it does not dictate how Roosevelt Norton's estate should be administered.