# Third District Court of Appeal

## State of Florida

Opinion filed January 9, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2723
Lower Tribunal No. 12-17609
_____

**The Pinnacle Condominium Association, Inc.,**
Appellant,

vs.

**Richard Haney, et al.,**
Appellees.


An appeal from a non-final order from the Circuit Court for Miami-Dade County, Rodney Smith, Judge.

Cole Scott & Kissane, P.A., and Kathryn L. Ender and Therese A. Savona, for appellant.

Baron & Herskowitz, and Jon Herskowitz, for appellees.


Before SCALES, and LINDSEY, JJ., and SUAREZ, Senior Judge.

SUAREZ, Senior Judge.

Appellant, The Pinnacle Condominium Association, Inc., appeals the trial court's November 9, 2017 non-final order certifying a class of condominium unit

owners encumbered by a settlement agreement in a prior cause. For the reasons that follow, we affirm.

This Court reviews a trial court's order on class certification for an abuse of discretion; examines a trial court's factual findings for competent, substantial evidence; and reviews conclusions of law de novo. Sosa v. Safeway Premium Fin. Co., 73 So. 3d 91, 102-103, 105 (Fla. 2011).

To certify a class, a trial court must determine whether the class representative(s) and putative class members meet the requirements for class certification enumerated in Florida Rule of Civil Procedure 1.220. The proponent of class certification has the burden of pleading and proving the class certification requirements contained in rule 1.220(a): (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy.[1] "A trial court should resolve doubts with regard to certification in favor of certification, especially in the early stages of litigation."

---

[1] Rule 1.220(a) Prerequisites to Class Representation.
Before any claim or defense may be maintained on behalf of a class by one party or more suing or being sued as the representative of all members of a class, the court shall first conclude that (1) the members of the class are so numerous that separate joinder of each member is impracticable [numerosity], (2) the claim or defense of the representative party raises questions of law or fact common to the questions of law or fact raised by the claim or defense of each member of the class [commonality], (3) the claim or defense of the representative party is typical of the claim or defense of each member of the class [typicality], and (4) the representative party can fairly and adequately protect and represent the interests of each member of the class [adequacy].

2

Sosa, 73 So. 3d at 105 (citing Chase Manhattan Mortg. Corp. v. Porcher, 898 So. 2d 153, 156 (Fla. 4th DCA 2005)).

On appeal, Appellant argues the trial court abused its discretion in certifying the class because Appellees, the putative class representatives, failed to fulfill the numerosity, typicality, and adequacy requirements of rule 1.220(a).[2] We find Appellant's arguments to be unfounded.

First, numerosity speaks to whether "the members of the class are so numerous that separate joinder of each member is impracticable." Fla. R. Civ. P. 1.220(a)(1). Appellant contends the trial court failed to address the impracticability of joinder and that the Appellees failed to present evidence that identified the class. Appellant incorrectly suggests the trial court was required to make findings as to the individual ability of each putative class member to bring separate actions. The plain language of rule 1.220(a)(1) requires no such thing. Moreover, as the Florida Supreme Court has made clear, no specific number is needed to sustain the numerosity requirement, and class certification is proper if the class representative does not base the projected class size on mere speculation. Sosa, 73 So. 3d at 114 (citing Toledo v. Hillsborough Cty. Hosp. Auth., 747 So. 2d 958, 961 (Fla. 2d DCA 1999)).

---

[2] Appellant does not raise commonality as an issue.

Here, the projected class size of 230 members is based on record evidence and not on speculation. Thus, the trial court did not abuse its discretion in finding Appellees satisfied the numerosity element by determining the putative class members were so numerous as to make separate joinder of each member impracticable.

Second, "[t]he key inquiry for a trial court when it determines whether a proposed class satisfies the typicality requirement is whether the class representative possesses the same legal interest and has endured the same legal injury as the class members." Sosa, 73 So. 3d at 114. Appellant contends that one of the putative class representatives may not have been encumbered by the subject settlement agreement underlying the proposed class action. However, as was noted at the relevant hearing on the motion to certify the class, Appellees produced affidavits attesting to said putative class member's encumbrance. Appellant produced no such evidence to the contrary.[3] Here, the claims of the putative class representatives are typical of the claims of each member of the class. Therefore, the trial court properly concluded the Appellees satisfied the typicality requirement.

Third, adequacy rests on whether "the representative party can fairly and adequately protect and represent the interests of each member of the class." Fla. R.

---

[3] For these same reasons, and based on the record evidence before us, we find no merit to Appellant's argument with regard to standing.

4

Civ. P. 1.220(a)(4).[4]  Appellant argues the trial court failed to address Appellees' "unreasonable delay" in moving for class certification, and instead only relied on the qualifications of class counsel.  On the contrary, the trial court's order specifically finds that class counsel have acted in a diligent and timely manner.  This finding is supported by competent, substantial evidence.  A trial court's determination as to the qualifications of class counsel to adequately represent a class will not be disturbed on appeal absent a showing of clear abuse of discretion.  Colonial Penn Ins. Co. v. Magnetic Imaging Sys. I, Ltd., 694 So. 2d 852, 854 (Fla. 3d DCA 1997).  Absent such a showing here, the trial court's adequacy determination stands.

Based on the foregoing, the trial court did not abuse its discretion in certifying class.  We therefore affirm.

Affirmed.

---

[4] In examining adequacy, a trial court's inquiry is two-pronged: (1) whether class counsel has the qualifications, experience, and ability to conduct the litigation; and (2) whether the class representative's interests are antagonistic to the interests of the class members.  See Sosa, 73 So. 3d at 115, see also Leibell v. Miami-Dade Cty., 84 So. 3d 1078, 1085 (Fla. 3d DCA 2012).